Gladys PETERS, Respondent,

v.

YELLOW CAB COMPANY, et al., Appellants,

City of St. Paul, Respondent,

Gene Norman Von Heyne, Defendant.

No. 47484.

Supreme Court of Minnesota.

June 30, 1978.

Dudley & Smith and Richard H. Bend, St. Paul, for appellants.

Donald E. Horton, Jr., St. Paul, for respondent Peters.

Harriet Lansing, City Atty., Edward P. Starr, Jr., Asst. City Atty., St. Paul, for respondent City of St. Paul.

Heard before TODD, SCOTT, and GODFREY, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Gladys Peters, while riding in a taxicab driven by defendant James Edward Crew, was injured in an intersection collision between Crew and a St. Paul police patrol car driven by Officer Gene Norman Von Heyne. The jury, after trial, awarded plaintiff damages in the amount of $47,000. The trial court ordered a remittitur to $30,000 and a new trial in order to determine the proper apportionment of damages between the two drivers. We affirm.

Resolution of the issue in this case does not require a detailed statement of the facts. At trial defense counsel objected to the admission of plaintiff's medical expert's testimony concerning causation and damages. The defendant maintains that the foundation for the expert's testimony was inadequate in that he lacked sufficient knowledge of the factual basis under which the accident took place, and therefore his testimony should not have been allowed to be considered by the jury.

Although the basis for the expert's opinions was not artfully drawn by plaintiff's attorney and the simple expedient of a hypothetical question would have probably resolved the issue, we cannot say that the trial judge abused his discretion in allowing the expert's testimony into evidence. Defendants were given ample opportunity to cross-examine the expert on the basis of his opinion, and the jury could assess for itself the weight to be given his testimony. Furthermore, defendants entered no contradictory medical testimony of their own for the jury to consider. Under these circumstances, the admission of the expert's testimony was not reversible error.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.